IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBIN BULLOCK,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security;<br><br>　　　　　Defendant. | **8:20CV299**<br><br>**MEMORANDUM & ORDER** |

This matter is before the Court on Plaintiff Robin Bullock's motion to substitute party under Rule 25(a), since Bullock passed away on May 9, 2021, Filing No. 31 at 1, and motion for attorney fees amounting to $3,160.62 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Filing No. 32 at 1. The Social Security Commissioner ("Commissioner") did not object to either motion. Filing No. 33 at 1; Filing No. 34 at 2. The Court must determine if the plaintiff merits attorney's fees, and if so, whether Bullock's daughter can serve as a substituted party.

　　a.　*Motion to Substitute Party under Rule 25(a)*

Plaintiff, Robin Bullock, died on May 9, 2021. Filing No. 31 at 1. With her passing, her attorney moved to substitute a party in the decedent's place, specifically her daughter Christina Hurlburt. *Id*. The Commissioner responded to the Plaintiff's motion with no objection. Filing No. 33 at 1.

Under Rule 25(a) of the Federal Rules of Civil Procedure, if a party dies before their claim extinguishes, then the court can substitute another proper party. FED. R. CIV. P. 25(a). The Social Security Administration distributes "any remaining underpayment to the living person (or persons) in the highest order of priority as follows:" (1) the deceased

1

individual's surviving spouse (with certain qualifications), (2) "the child or children of the deceased individual entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died, . . .." 20 CFR § 404.503(b)(1)–(2).

Hurlburt is a proper party for substitution because she is the decedent's daughter and Bullock had no surviving spouse. *See id.* While Bullock was previously married, her divorce severs Bullock's former spouse from this analysis. *Id.* Since Hurlburt is a proper party for substitution and the Commissioner did not object to the motion for substitution, the motion to substitute Hurlburt is granted.

  b. *Motion for Attorney Fees under EAJA*

The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by the party in [the] civil action' in which it prevailed." *United States S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)–(2)(B)). "The fees awarded must be reasonable." § 2412(d)(2)(A)(ii). A reasonable fee under § 2412 will not exceed "$125 per hour unless the court determines that an increase in cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

For a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. 28 U.S.C. § 2412(d)(2)(A). Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The Commissioner bears the burden of proving that their position is substantially justified.

2

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). In this instance, the Commissioner does not argue their position was substantially justified and does not object to Plaintiff's EAJA motion. Filing No. 34 at 2.

The Court finds that the Plaintiff is entitled to attorney fees under the EAJA. The Plaintiff is the prevailing party. Filing No. 32 at 1. Additionally, the plaintiff's net worth did not exceed $2,000,000 at the time of filing for this civil action. *Id.* at 2. The Plaintiff requests attorney's fees totaling $3,160.62 for 2.1 hours worked in 2020 and 12.7 hours worked in 2021. Filing No. 32 at 7. This equates to $207.78 for the 2020 hourly rate and $214.51 for the 2021 hourly rate. *Id.* Plaintiff argues the increase in hourly rates from the $125 baseline reflects an increase in the cost of living, as evidenced through the cost-of-living index changes. *Id.* at 5. Plaintiff also requests an additional $400.00 for the filing fee. *Id.* at 1.

An increase for the cost of living is generally allowed. *Johnson v. Sullivan*, 919 F.2d 503, 508–10 (8th Cir. 1990). The Court finds that counsel is an experienced social security disability attorney whose work since 2014 has consisted of at least 50 percent Social Security law. Filing No. 32 at 7. Plaintiff's counsel does not generally charge an hourly fee due to his clients' indigence but states the market rate for the work performed is $225.00/hour or more. *Id.* The Court further finds that the increase in cost of living justifies a fee higher than $125 per hour and that the rates Plaintiff requested are reasonable. The Court carefully reviewed the hours submitted and finds them reasonable in all aspects. *Id.* Thus, the Court concludes that both the amount requested, and the hours expended, are reasonable. The Court also grants the Plaintiff's request for an additional $400.00 for the filing fee. *See* 28 U.S.C. § 2412(c).

THEREFORE, IT IS ORDERED that:

1. The Plaintiff's motion to substitute party under Rule 25(a), Filing No. 31, is granted.

2. The Plaintiff's motion for attorney fees, Filing No. 32, is granted.

3. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $3,160.62 are to be paid directly to the Plaintiff's attorney, less any offset to satisfy a pre-existing debt to the United States.

4. Filing fee of $400.00 is likewise to paid directly to the Plaintiff's attorney.

5. A separate judgment shall be entered in conjunction with the Memorandum and Order.

Dated this 9th day of December, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge